IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ERIC LAFOLLETTE, CAMILLE LAFOLLETTE, DAVID BOND, and REBECCA BOND, individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:14-CV-04147-NKL |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court are Plaintiffs' Motion to Strike Offer of Judgment, Doc. 44, and Defendant's Motion to Dismiss, Doc. 55. Plaintiffs' Motion to Strike Offer of Judgment, Doc. 44, is granted. Defendant's Motion to Dismiss, Doc. 55, is denied.

**I.  Background**

This case was originally filed in the Cole County Circuit Court on April 8, 2014. On June 4, 2014, it was removed to this Court. Plaintiffs allege that Defendant violated the terms of their and the putative class members' homeowner's insurance policies by applying a $1000 deductible to the actual cash value payment for the losses to their homes. Plaintiffs ask for compensation for the deductible amounts withheld from the actual cash value payments for damage to their property, a declaration that Defendant breached its contractual obligations, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs.

In October 2014, Defendant filed notices of its offers of judgment to each of the named Plaintiffs. The offers of judgment were made pursuant to Federal Rule of Civil Procedure 68. The offers stated that Defendant would pay each named Plaintiff $1000 plus pre-judgment interest and costs. The offer did not address the putative class members' claims. Plaintiffs subsequently filed a motion to strike Defendant's offers of judgment, and Defendant filed a motion to dismiss for lack of subject matter jurisdiction.

## II. Discussion

### A. Defendant's Motion to Dismiss

Following Plaintiffs' denial of Defendant's offer of judgment, Defendant filed a motion to dismiss for lack of subject matter jurisdiction, arguing that as Defendant's offer of judgment provided relief for the entirety of the named Plaintiffs' claims, no case or controversy exists for the Court to exercise its Article III jurisdiction.

A circuit split exists as to whether pre-class certification offers of judgment may serve to moot a putative class action by providing representative plaintiffs the entirety of their requested relief. *See Stein v. Buccaneers Ltd. Partnership*, 2014 WL 6734819, at *3 (11th Cir. December 1, 2014) (offer did not moot plaintiff's claim); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011) (holding that pre-class certification rejection of offer of judgment did not moot the class action); *Lucero v. Buearu of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50 (10th Cir. 2011) (because "the personal stake of the class inheres prior to certification," Article III jurisdiction is not extinguished by an offer of judgment to the named plaintiff); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004) (offer of judgment did not moot case pre-class

2

certification); *but see Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) (holding that pre-class certification offer mooted the case); *see also Goans Acquisition, Inc. v. Merchant Solutions, LLC*, 2013 WL 5408460 (W.D. Mo. 2013) (holding that a pre-class certification settlement offer mooted a pending class action).

The Court concludes that the opinion reached by a majority of circuits addressing the issue, holding that unaccepted Rule 68 offers of judgment do not moot a pending class action, is the better rule. Rule 68 gives a plaintiff fourteen days to accept an offer of judgment made pursuant to the rule, after which time an unaccepted offer is automatically withdrawn and rendered a "legal nullity." *See Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1533-34 (2013) (Justice Kagan discussing in dissent that an unaccepted Rule 68 offer of judgment has "no operative effect"). As such, Defendant's offer has lapsed and a justiciable controversy exists over which the Court may exercise its Article III jurisdiction.

Furthermore, Defendant's offer of judgment did not encompass the entirety of the relief sought by Plaintiffs. Defendant cites a slew of authority supporting the contention that after class certification has been considered and denied, a Rule 68 offer of judgment for the entirety of the plaintiff's claim may moot the cause of action. In this case, however, the time for filing a motion for class certification has not yet run out. Plaintiffs' Complaint sets out a putative class action claim. Defendant's offers of judgment provided no relief for the putative class members' claims. As such, a justiciable controversy exists regarding the remainder of the damages Plaintiffs argue they are entitled to, and the claim is not moot. *See* cases cited *infra* page 6.

3

### B. Plaintiffs' Motion to Strike

Plaintiffs contend that Defendant's Rule 68 offers of judgment should be stricken because they create an unacceptable conflict between the named plaintiffs and putative class members the named plaintiffs seek to represent.

Federal Rule of Civil Procedure 68(a) provides:

> **Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

If a plaintiff chooses not to accept a defendant's offer of judgment, Rule 68(d) sets out the consequences:

> **Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Outside of the class action context, Rule 68 functions as a tool to facilitate settlement, forcing a plaintiff to weigh her individual odds of success at trial against a defendant's settlement offer. Within the context of class actions, however, the balance of the settlement function is upset when the terms of the offer of judgment pit the interests of the class representative against the interests of rest of the class. *Jenkins v. General Collection Co.*, 246 F.R.D. 600, 602-03 (D. Neb. 2007); *Weiss v. Regal Collections*, 385 F.3d 337, n.12 (3d Cir. 2004).

When faced with a pre-class certification offer of judgment, a representative plaintiff must make a critical decision about whether to maintain the class action and risk receiving an award of damages less than the amount put forth in the offer of judgment, thus becoming subject to Rule 68(d)'s fee shifting provision, or take the defendant's offer, thus abandoning the claims of the remainder of the putative class. *See Strausser v. ACB Receivables Management, Inc.*, 2007 WL 512789, at *1 (E.D. Pa. 2007) (quoting *Zeigenfuse v. Apex Asset Mgmt., LLC*, 239 F.R.D. 400, 403 (E.D. Pa. 2006)) ("Instead of forcing the named representative to accept the carrot of full individual relief . . . defendant is threatening the stick, that is, imposing costs against plaintiff if she is unsuccessful. . . . 'Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed.'").

Here, Defendant's Rule 68 offer has the effect of "threatening the stick" of imposing Defendant's attorney's fees for the remainder of the action on the named plaintiffs. *Strausser*, 2007 WL 512789, at *1. Though the named Plaintiffs stand in the stead of the individuals whose claims comprise the class action until the class is certified, the cost shifting provision of Rule 68 would impose a burden on them not shared by the rest of the class. Forcing a named plaintiff to weigh her personal risks against the potential benefit to the remainder of the class – benefits in which she would share equally with the other class members – would threaten the entire class action mechanism. *See Claxton v. KUM & GO, L.C., d/b/a Kum & Go*, 2014 WL 4854692, at *4 (W.D. Mo. September 30, 2014) ("Because 'the putative class representative faces cost liability but the putative class does not, this creates an incentive for the representative to act against

5

the interests of the class.'") (quoting *Lamberson v. Fin. Crimes Servs., LLC*, 2011 WL 1990450, at *3 (D. Minn. 2011)).

The Eighth Circuit has not yet ruled on this issue. However, District Courts in the Eighth Circuit and elsewhere have consistently held that Rule 68 offers of judgment should be stricken in this situation. *Claxton*, 2014 WL 4854692, at *4; *Prater v. Medicredit, Inc.*, 2014 WL 3973863, at *3 (E.D. Mo. 2014) (granting plaintiff's motion to strike defendant's offer of judgment when offer of judgment was made before the time for a motion for class certification had run); *March v. Medicredit, Inc.*, 2013 WL 6265070, at *3 (E.D. Mo. 2013) (granting plaintiff's motion to strike defendant's offer of judgment to prevent a conflict of interest between class representative and putative class); *Mertz v. Lindell Bank & Trust Co.*, 2012 WL 1080824, at *1 (E.D. Mo. 2012) (granting plaintiff's motion to strike defendant's offer of judgment when offer was made "before plaintiff could reasonably have been expected to file a motion for class certification"); *Johnson v. U.S. Bank Nat'l Ass'n*, 2011 WL 2619619 (D. Minn. 2011) (granting motion to strike); *Lamberson v. Fin. Crimes Servs., LLC*, 2011 WL 1990450 (D. Minn. 2011) (granting motion to strike); *Hornicek v. Cardworks Servicing, LLC*, 2011 WL 1419607 (E.D. Pa. 2011); *Boles v. Moss Codilis, LLP*, 2011 WL 4345289, *4 (W.D. Tex. Sept. 15, 2011) (granting motion to strike).

Plaintiffs filed their Complaint as a putative class action. At the time Defendant provided Plaintiffs with its offers of judgment, the time for filing a Motion for Class Certification had not yet run out. As such, Defendant's offers of judgment had no power to moot Plaintiffs' claim. Moreover, Defendant cannot use its offers of judgment to back

6

Plaintiffs into a corner and force them to weigh the risk of having to pay Defendant's attorney's fees against the interests of the putative class in having the action litigated. To prevent this outcome, Defendant's offers of judgment must be stricken.

## III. Conclusion

For the reasons set forth above, Plaintiffs' Motion to Strike Offer of Judgment, Doc. 44, is granted. Defendant's Motion to Dismiss, Doc. 55, is denied.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: January 9, 2015
Jefferson City, Missouri