# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| ERIC LAFOLLETTE, CAMILLE LAFOLLETTE, DAVID BOND, and REBECCA BOND, individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:14-CV-04147-NKL |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER APPOINTING SPECIAL MASTER

In the interests of efficiency and timely adjudication of this dispute, the Court appoints William Turley to serve as special master in this action and assist the Court in adjudicating a discovery dispute. *See* Fed. R. Civ. P. 53. Mr. Turley has both litigation and insurance expertise and has access to technical support in his position as special master.[1]

Mr. Turley is ordered to proceed with all reasonable diligence to resolve current discovery disputes between the parties, including, investigating how Plaintiffs may most efficiently be provided access to Defendant's relevant claims files, the cost of such production, and how those costs should be allocated. At a minimum, Mr. Turley's shall investigate:

---

[1] Mr. Turley is a current employee of Shelter Insurance. Plaintiffs have no objection to Mr. Turley's appointment. Defendant objects to the Court's selection of Mr. Turley as special master due to his affiliation with Shelter Insurance. In light of Defendant's failure to suggest an alternative special master, the value of Mr. Turley's experience as an insurance and litigation expert, the common practice of giving experts and opposing parties access to trade information subject to protective orders, and Mr. Turley's demonstrated integrity in the profession and the industry, the Court concludes that Mr. Turley is the appropriate special master for this case.

- Where relevant claims-related data resides on Liberty Mutual's computer systems and other archival locations and how those claims files and the information therein are organized;

- The most practicable manner in which relevant claims-related data may be identified, produced, and accessed in a usable manner by Plaintiffs;

- The most efficient manner and method of production of these materials;

- The cost and burden of such a production and how those costs should be fairly shared;

- The extent to which Plaintiffs can narrow their requests given the information that they currently have or will be given voluntarily by Defendant.

He shall also provide a recommendation to the Court for resolution of this dispute if it cannot be resolved consensually.

Within 45 days of the date of this order, Mr. Turley is required to file with the Court a report containing a brief description of the investigation undertaken and stating his conclusions regarding the issues identified above, along with all supporting materials for the recommendation. The parties must file any objections to Mr. Turley's report or motions to adopt or modify the master's recommendations by no later than 7 days after Mr. Turley's report is filed on ECF. Following this deadline, the Court will hold a joint teleconference with Mr. Turley and the parties to discuss the investigation, Mr. Turley's conclusions, and any relevant motions or objections filed by the parties. The Court will subsequently rule on the issues raised in the discovery dispute, and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit the matter to the master with further instructions. The parties have not stipulated that Mr. Turley's factual findings shall be reviewed only for clear error or that such findings are final.

Within 10 days of the date of this order, Mr. Turley is directed to jointly confer with the parties to reach an agreement regarding whether and to what extent ex parte communications may be conducted between Mr. Turley and the parties and to discuss how the investigation is to proceed, and how Mr. Turley will communicate with the Court during the investigation. Within ten days the parties should also confer with Mr. Turley to execute any necessary confidentiality agreements to protect trade secrets or confidential information that may be disclosed during the course of Mr. Turley's investigation. As of the date of this order, Mr. Turley is prohibited from engaging in ex parte communications with the Court until the discovery dispute is resolved, subject to reconsideration as the investigation continues at the request of Mr. Turley.

Mr. Turley is to be compensated at a rate of $250 per hour, with reimbursement for reasonable expenses. Any technical support staff retained by Mr. Turley may receive up to $100 per hour with verification that this cost is consistent with industry and area practices. The total compensation for Mr. Turley and any technical support may not exceed $10,000 without additional approval of the Court. Parties will share the costs of the special master equally as previously ordered by the Court and agreed to by the parties.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 21, 2015
Jefferson City, Missouri