IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ERIC LAFOLLETTE and )
CAMILLE LAFOLLETTE, )
Individually and on behalf of all others )
similarly situated, )
        Plaintiffs, )
 )
     v. ) No. 2:14-cv-04147-NKL
 )
LIBERTY MUTUAL FIRE )
INSURANCE COMPANY, )
        Defendant. )

## ORDER

Plaintiffs Eric and Camille LaFollette move the Court for an order accepting their unopposed proposed notice plan and proposed Notice and Opt-Out forms, as set forth in Docs. 200, 200-1, 209, and 209-1. For the following reasons, the motion is granted. Plaintiff's initial Motion for Order for Approving Notice, [Doc. 200], is denied as moot.

### I.    Background

This is a breach of contract class action arising out of Liberty Mutual's homeowner's insurance policies. The dispute in this case involves Liberty Mutual's assessment of a $1,000 deductible on the Lafollettes' actual cash value claim, which the Lafollettes contend should not have been assessed under the terms of the policy. The Lafollettes sought certification of a class of Liberty Mutual property insurance policyholders in Missouri whose ACV payments were similarly reduced by their deductible amounts.

On August 1, 2016, the Court certified a Rule 23(b)(3) class[1] defined as:

---

[1] In its order certifying the class, the Court preliminarily certified four subclasses:

> All persons who received an ACV payment, directly or indirectly, from Liberty Mutual Fire Insurance Company for physical loss or damage to their dwelling or other structures located in the state of Missouri arising under policy Form HO 03 (Edition 04 91) and endorsements, such payments arising from losses that occurred from April 8, 2004 to August 1, 2016, where a deductible was applied to the ACV payment for the person's dwelling or other structure (Coverage A and/or B).[2]

On October 31, 2016, Plaintiffs moved for approval of their proposed notice plan. [Doc. 200]. Following Defendant's agreement to provide Plaintiffs with address information for all class members, Plaintiffs filed a revised proposed notice plan, [Doc. 209], incorporating by reference their previously filed motion and the Declaration of James Prutsman, [Doc. 200-1]. Defendant consents to Plaintiffs' revised proposed notice plan.

## II. Discussion

"For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members

---

(1) All parties who received an ACV payment for loss arising solely under the base policy and/or Home Protector Plus Endorsement;
(2) All parties who received an ACV payment for loss arising under the Wind/Hail Endorsement;
(3) All parties who received an ACV payment for loss arising under the Functional Replacement Cost Loss Settlement Endorsement; and
(4) All parties who received an ACV payment for loss arising under the Earthquake Endorsement.

[2] Excluded from the Class are: (1) All persons who submitted a claim for and received a replacement cost payment from Liberty Mutual Fire Insurance Company under Coverage A and/or B; (2) All persons whose payment(s) plus the amount of any deductible applied was less than $2,500; (3) Liberty Mutual Fire Insurance Company and its affiliates, officers, and directors; (4) Members of the judiciary and their staff to whom this action is assigned; and (5) Plaintiffs' Counsel.

2

who can be identified through reasonable effort." Fed. R. Civ. Pro. 23(c)(2)(B). This notice must also provide class members the right to opt out. *Id.* The notice must communicate Rule 23(c)(2)(B)(i-vii)'s requirements in clear, concise, plain language that is easy to understand. *Id.* The sufficiency of Plaintiffs' proposed notice plan is discussed below.

### A. Delivery of Notice Plan

To assist with preparing and carrying out a notice plan and notice documents, Plaintiffs retained Heffler Claims Group LLC, a company that provides class action notice and claims administration services. Defendant has the last known address for every class member, which it has already provided to Plaintiffs. Therefore, Plaintiffs propose a direct mailing campaign as the best notice practicable under the circumstances. To address out-of-date addresses, Plaintiffs further propose running Defendant's provided address records through the National Change of Address database to obtain the most current addresses for each class member. After updating the addresses, class member notice will be mailed via First Class Mail.

On behalf of Plaintiffs, Heffler will create a PO Box that is specific to this case and can be used for any undeliverable notices, class member correspondence, and opt-outs. Heffler will also record all notices that are returned as undeliverable and provide these records to both parties. For notices that are returned with a forwarding address, Heffler will log the updated addresses in the database and forward the notices. For those returned mailings that do not include a forwarding address, Heffler will run the name and address through a name and address database, such as Lexis/Nexis, after which it will forward these notices to the addresses listed in the database. Heffler will provide the parties with regular reporting on its notification efforts and the opt-outs it receives. Heffler will also provide a final list to the Court of all opt-outs received.

3

Because the proposed plan directs individual notice to all members by First Class Mail and provides reasonable processes for delivering notice to those class members with out-of-date mailing addresses, this proposed delivery plan is sufficient. However, the delivery plan fails to fully comport with Rule 23's requirements because it does not propose a specific date by which class members must mail their opt out forms or be bound to the class.

### B. Notice Form and Information

Rule 23(c)(3) dictates that notice must "clearly and concisely state in plain, easily understood language":

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The Court has assessed the form and information contained within the proposed notice, [Doc. 209-1], and finds it to be adequate under all but one of Rule 23(c)(3)'s requirements. Rule 23(c)(3)(vi) requires the notice to state the time by which class members must request exclusion from the class. At present, the proposed notice documents, [Doc. 209-1], include placeholders for the opt-out deadline without listing a specific date. Therefore, the Court's approval of the proposed notice plan and forms is conditioned on the Plaintiffs updating them to reflect the following notice delivery and opt-out deadlines:

1. Class notice shall be sent through U.S. First Class Mail within **14 days** of this Order. The date that class notice is mailed will constitute the Notice Date.

2. The Opt-Out Deadline for a class member's exclusion from the class shall be **60 days** after the Notice Date.

4

**III. Conclusion**

For the previous reasons, Plaintiffs' Supplemental Motion for Order for Approval of Notice Plan and Notice Documents, [Doc. 209], is granted. Plaintiff's initial Motion for Order for Approving Notice, [Doc. 200], is denied as moot. The Court further orders that:

1. Plaintiffs' proposed notice plan and proposed notice and opt-out forms, as set forth in Docs. 200, 200-1, 209, and 209-1, are approved for dissemination of class notice. However, prior to mailing notice, Plaintiffs shall update their plan and forms to include the deadlines ordered by the Court.

2. Plaintiffs are ordered to send these class notices through U.S. First Class Mail within 14 days of this Order on or before December 29, 2016. The date upon which notice is mailed will constitute the "Notice Date."

3. The Opt-Out Deadline—the deadline for exclusion from the class—shall be 60 days after the Notice Date. Any class member who does not send a completed, signed request for exclusion to the Notice Administrator postmarked on or before the Opt-Out Deadline will be deemed a member of the class for all purposes and bound by all further orders and judgments of the Court.

4. On or before December 22, 2016 and prior to mailing notice, Plaintiffs shall file their amended notice documents in final form reflecting the Notice Date and Opt-Out Deadlines consistent with this Order.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 15, 2016
Jefferson City, Missouri