IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ERIC LAFOLLETTE and ) <br> CAMILLE LAFOLLETTE, ) <br> Individually and on behalf of all others ) <br> similarly situated, ) <br>       Plaintiffs, ) <br> ) <br>   v. ) <br> ) <br> LIBERTY MUTUAL FIRE ) <br> INSURANCE COMPANY, ) <br>       Defendant. ) | No. 2:14-cv-04147-NKL |

**ORDER**

Plaintiffs Eric and Camille LaFollette move the Court for an order (1) decertifying the Earthquake Endorsement subclass for lack of numerosity; (2) amending the class definition to exclude claims arising under the Earthquake Endorsement; and (3) for final approval of their amended notice documents. [Doc. 226]. For the following reasons, the unopposed motion is granted.

**I.      Background**

This is a breach of contract class action arising out of Liberty Mutual's homeowner's insurance policies. The dispute in this case involves Liberty Mutual's assessment of a $1,000 deductible on the Lafollettes' actual cash value claim, which the Lafollettes contend should not have been assessed under the terms of the policy. The Lafollettes sought certification of a class of Liberty Mutual property insurance policyholders in Missouri whose ACV payments were similarly reduced by their deductible amounts.

On August 1, 2016, the Court certified a Rule 23(b)(3) class defined as:

All persons who received an ACV payment, directly or indirectly, from Liberty Mutual Fire Insurance Company for physical loss or damage to their dwelling or other structures located in the state of Missouri arising under policy Form HO 03 (Edition 04 91) and endorsements, such payments arising from losses that occurred from April 8, 2004 to August 1, 2016, where a deductible was applied to the ACV payment for the person's dwelling or other structure (Coverage A and/or B).

Excluded from the Class are: (1) All persons who submitted a claim for and received a replacement cost payment from Liberty Mutual Fire Insurance Company under Coverage A and/or B; (2) All persons whose payment(s) plus the amount of any deductible applied was less than $2,500; (3) Liberty Mutual Fire Insurance Company and its affiliates, officers, and directors; (4) Members of the judiciary and their staff to whom this action is assigned; and (5) Plaintiffs' Counsel.

In its order certifying the class, the Court preliminarily certified four subclasses:

(1) All parties who received an ACV payment for loss arising solely under the base policy and/or Home Protector Plus Endorsement;
(2) All parties who received an ACV payment for loss arising under the Wind/Hail Endorsement;
(3) All parties who received an ACV payment for loss arising under the Functional Replacement Cost Loss Settlement Endorsement; and
(4) All parties who received an ACV payment for loss arising under the Earthquake Endorsement.

## II. Discussion

Plaintiffs move the Court for an order (1) decertifying the Earthquake Endorsement subclass for lack of numerosity; (2) amending the class definition to exclude claims arising under the Earthquake Endorsement; and (3) for final approval of their amended notice documents. [Doc. 226]. Defendant does not oppose this motion.

### a. Decertification of Earthquake Subclass

Each subclass must individually meet the Rule 23 requirements for class certification. *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982) ("[A] class may be divided into subclasses *that are each treated as a class under this rule*.") (emphasis added); § 1790 Partial

2

Class Actions and Subclasses, 7Aa Fed. Prac. & Proc. Civ. § 1790 (3d ed) ("When subclasses are formed under subdivision [(c)(5)], each subclass must independently meet the requirements of Rule 23."). One of these requirements is "numerosity" under Rule 23(a)(1), which mandates that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

Plaintiffs move for decertification of the Earthquake Endorsement Subclass for lack of numerosity. For a claim to arise under the applicable Earthquake Endorsement, it must be "caused by earthquake, including land shock waves or tremors before, during or after a volcanic eruption." [Doc. 160-11, p. 25]. As support for decertification, Plaintiffs state that they used Defendant's electronic claim information for claims occurring within the defined class period and determined that a total of only four claims were caused by earthquake. Defendant also confirmed this number. Therefore, Plaintiffs state that there are only four total potential Class Members who have claims falling within this subclass. Such a small number of potential Class Members, Plaintiffs contend, does not satisfy Rule 23's numerosity requirement.

The Court agrees. Because there are only four potential claims within the Earthquake Subclass, this subclass is not so numerous that "joinder of all members is impracticable." Fed. R. Civ. P 23(a)(1). Therefore, the Earthquake Endorsement Subclass does not satisfy Rule 23(a)(1)'s numerosity requirement and must be decertified.

Accordingly, the Court amends its class definition to the following, which excludes claims caused by earthquake:

> All persons who received an ACV payment, directly or indirectly, from Liberty Mutual Fire Insurance Company for physical loss or damage to their dwelling or other structures located in the state of Missouri arising under policy Form HO 03 (Edition 04 91) and endorsements, such payments arising from losses that occurred from April 8, 2004 to August 1, 2016, where a deductible was applied to the ACV payment for the person's dwelling or other structure (Coverage A and/or B).

3

> Excluded from the Class are: (1) All persons who submitted a claim for and received a replacement cost payment from Liberty Mutual Fire Insurance Company under Coverage A and/or B; (2) All persons whose payment(s) plus the amount of any deductible applied was less than $2,500; **(3) All persons whose claim(s) were caused by earthquake**; (4) Liberty Mutual Fire Insurance Company and its affiliates, officers, and directors; (5) Members of the judiciary and their staff to whom this action is assigned; and (6) Plaintiffs' Counsel.

For these reasons, there are only three remaining certified subclasses:

(1) All parties who received an ACV payment for loss arising solely under the base policy and/or Home Protector Plus Endorsement;
(2) All parties who received an ACV payment for loss arising under the Wind/Hail Endorsement; and
(3) All parties who received an ACV payment for loss arising under the Functional Replacement Cost Loss Settlement Endorsement.

### b. Amended Notice Documents

On December 15, 2016, the Court granted Plaintiffs' motion for approval of their proposed notice plan on the condition that Plaintiffs amend their documents to include an Opt Out deadline of 60 days from the Notice Date, the date upon which notice is mailed. The Court further ordered that the amended notice documents reflecting the Opt Out deadline be filed with the Court prior to being mailed. The Court set December 29, 2016 as the deadline for mailing class notice.

Plaintiffs have since filed their amended notice documents, which list the Notice Date as December 29, 2016 and the appropriate 60-day Opt Out deadline of February 27, 2017. [Doc. 226-1]. The Court is satisfied that Plaintiffs properly amended their notice documents to include these dates.

Plaintiffs also amended their notice documents to reflect the revised class definition that the Court adopted in Part II.a., *supra*. This definition change was limited to adding language excluding "(3) All persons whose claim(s) were caused by earthquake." Because the Court has

4

decertified the Earthquake Subclass and revised its class definition to reflect this exclusion, the Court likewise approves this change to the class definition in Plaintiffs' notice documents.

### III.    Conclusion

For the previous reasons, Plaintiffs' unopposed motion is granted.  [Doc. 226]. Accordingly, the Court decertifies the Earthquake Endorsement subclass for lack of numerosity; (2) amends the class definition to exclude claims arising under the Earthquake Endorsement; and (3) approves Plaintiffs' amended notice documents.  [Docs. 226 and 226-1].

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  December 21, 2016
Jefferson City, Missouri