# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ERIC LAFOLLETTE, CAMILLE LAFOLLETTE, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:14-CV-04147-NKL ) |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER APPOINTING SPECIAL MASTER

Before the Court is the Parties' Joint Motion to Appoint Special Master. Doc. 254. For good cause shown, and pursuant to Fed. R. Civ. P. 53(a)(1)(A), the Court grants the Parties' Joint Motion, and appoints William Turley to serve as special master in this action and assist the Court by proposing factual findings concerning the identities of the class members, the deductibles associated with the class members, prejudgment interest (simple) on the deductibles associated with the class members, and related issues. Mr. Turley has both litigation and insurance expertise, has access to technical support, and has previously served as a Special Master concerning discovery issues in this case, making Mr. Turley an appropriate special master.

Mr. Turley is ordered to proceed with all reasonable diligence to gather and review evidence, and make proposed factual findings to the Court, concerning the identities of the class members, the deductibles associated with the class members, prejudgment interest on the deductibles associated with the class members (calculated as simple interest, as agreed by the

1

Parties), and related issues.[1] At a minimum, and as agreed by the Parties, Mr. Turley shall undertake the following tasks:

- Review electronic claims files for putative class members, identify which electronic claims files lack the information needed to make the findings outlined in this Order, request and review hard copy files as necessary, and engage with the Parties on questions as needed;

- Receive oral and/or written evidence from the Parties on the findings outlined in this Order, with such evidence to be submitted and received either formally (such as via an expert report) or informally (such as via a spreadsheet), at the request of Mr. Turley or at the request of either Party;

- Engage Matt Schwartz to assist as needed in the gathering and review of claims information;

- Make proposed findings of fact to be presented to the Court for approval, concerning:

    o The number and identity of the class members as defined by the Court;

    o The amount of the deductibles for the class members as defined by the Court;

    o The prejudgment interest, calculated on a simple basis, on the deductibles for the class members as defined by the Court;

    o Of the class members as defined by the Court,

        ▪ (1) Which claims contain evidence the insured's property was repaired or replaced, and the deductibles and prejudgment interest (simple) associated with those claims;

        ▪ (2) Which claims contain evidence the insured sought recoverable depreciation that was denied because the ACV payment was sufficient to complete repairs, and the deductibles and prejudgment interest (simple) associated with those claims;

---

[1] The parties do not agree that prejudgment interest should be awarded, and Defendant contends that prejudgment interest should not be awarded, even if the Court awards damages, but the parties do agree that if prejudgment interest is awarded it should be calculated on a simple basis.

- (3) Which claims contain no evidence concerning whether repairs were made, and the deductibles and prejudgment interest (simple) associated with those claims;

- (4) Which claims did not include the Homeprotector Plus endorsement in the policy, and the deductibles and prejudgment interest (simple) associated with those claims;

- (5) Which claims were settled under an endorsement or form other than the Homeprotector Plus endorsement, and the deductibles and prejudgment interest (simple) associated with those claims;

- (6) Which claims had the same exact set of endorsements as the proposed intervenor, and the deductibles and prejudgment interest (simple) associated with those claims; and

- (7) Which claims had the same exact set of endorsements as the proposed intervenor and the same cause of loss as the proposed intervenor, and the deductibles and prejudgment interest (simple) associated with those claims;

- (8) Stipulations to which the Parties agree in lieu of the above (1)-(7) specific factual findings;

o Additional findings as requested by either of the Parties concerning the attributes of the class and associated deductibles and prejudgment interest (simple), such findings to be requested within two weeks of the approval of this Order; and

o Any stipulations to which the Parties agree concerning the class, deductibles, and/or prejudgment interest.

The Parties have stipulated that, if prejudgment interest is awarded as part of a final judgment, it should accrue at simple interest and not compound interest. Defendant disputes that prejudgment interest should be awarded even if the Court enters final judgment in favor of Plaintiffs on damages.

Mr. Turley shall have 150 days from the date of this Order to complete the foregoing tasks and to present proposed findings to the Court. Mr. Turley shall have 120 days from the

date of this Order to present his proposed findings to the Parties, and shall at that time provide the parties a final opportunity to present evidence and argument concerning the proposed findings. Such final opportunity shall, at the request of either party, be an evidentiary hearing. Evidence submitted to Mr. Turley shall be preserved as and deemed a part of the Court's record in this case without the need for filing such evidence. Such evidence may be referred to in, and attached to, any pleading, as either Party deems necessary.

The parties must file any objections to Mr. Turley's proposed findings, or motions to adopt or modify the master's recommendations, by no later than 7 days after Mr. Turley's proposed findings are filed on ECF. Following this deadline, the Court will hold a joint teleconference with Mr. Turley and the parties to discuss Mr. Turley's proposed findings and any motions or objections filed by the parties. The Court will subsequently rule on the issues raised by the parties, and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit the matter to the master with further instructions. The parties have not stipulated that Mr. Turley's proposed factual findings shall be reviewed only for clear error or that such findings are final.

Mr. Turley shall remain bound by any confidentiality agreements previously executed in connection with his prior appointment as special master in this case.

The Parties agree that Mr. Turley may conduct ex parte communications with each side, but that he may make no proposed factual findings without providing each side an opportunity to present evidence and argument on each such finding.

As of the date of this Order, Mr. Turley is prohibited from engaging in ex parte communications with the Court until he submits his proposed factual findings on ECF, subject to

reconsideration at the request of Mr. Turley, and subject to Mr. Turley advising the Parties of his intent to request a waiver of this prohibition and the reasons for such request.

Mr. Turley is to be compensated at a rate of $250 per hour, with reimbursement for reasonable expenses. Mr. Turley may retain Matt Schwartz to assist him. Mr. Schwartz's time will be compensated at $200 per hour. The Parties will share the costs of the special master equally, as agreed by the Parties.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 8, 2017
Jefferson City, Missouri