IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ERIC LAFOLLETTE and CAMILLE LAFOLLETTE, individually and on behalf of others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 2:14-CV-04147-NKL |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, ) ) ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Jean Heckmann's motion to intervene individually and as class representative. [Doc. 237]. As set forth below, Ms. Heckmann's motion is granted.

**I.  Background[1]**

Eric and Camille Lafollette originally filed the current case as a putative class action. On August 1, 2016, the Court certified this case as a class action and appointed the Lafollettes as class representatives. [Doc. 177]. Following class certification, the parties filed cross motions for summary judgment addressing the insurance policy interpretation issues that form the merits of the issues in this case.

On March 16, 2017, the Court entered its Order granting in part and denying in part both parties' motions for summary judgment. [Doc. 232]. The Court granted summary judgment in

---

[1] The primary issue in this lawsuit is whether Liberty Mutual's policy permits it to subtract a deductible from an Actual Cash Value ("ACV") payment made for an insured's property damage covered under its policy. The Court assumes familiarity with the prior orders in this case. *See* [Docs. 115 (First Order on Summary Judgment); 177 (Order on Class Certification); and 232 (Second Order on Summary Judgment)].

favor of Plaintiffs on the Home Protector Plus Endorsement/Base Policy subclass, finding the policy "language establishes that Liberty Mutual will not apply a deductible when making ACV payments under the endorsement's Section B.3.d. or the base policy's Section I – Conditions, 3.b.(5)." [Doc. 232, p. 21]. The Court granted summary judgment in favor of Liberty Mutual on the Wind/Hail Endorsement subclass, finding that a deductible did apply to any claims made under this endorsement. Because the Lafollettes' claim arose under the Wind/Hail Endorsement, the Court found that their claim was no longer viable and that as a result, they could no longer continue to serve as class representatives.

Rather than decertifying the class because of the Lafollettes' inadequacy as class representatives, the Court afforded Plaintiffs' counsel 30 days to submit a motion for substitution or intervention of a new named plaintiff. [Doc. 232, p. 32-33]. Pursuant to this Order and under Federal Rule of Civil Procedure 24, Jean Heckmann now seeks to intervene individually and as the named plaintiff representing the class in this matter. Pursuant to Rule 24(c), Ms. Heckmann has attached her proposed Second Amended Complaint. [Doc. 237-1]. The class Ms. Heckmann seeks to represent has already been defined by the Court as:

> All persons who received an ACV payment, directly or indirectly, from Liberty Mutual Fire Insurance Company for physical loss or damage to their dwelling or other structures located in the state of Missouri arising under policy Form HO 03 (Edition 04 91) and endorsements, such payments arising from losses that occurred from April 8, 2004 to August 1, 2016, where a deductible was applied to the ACV payment for the person's dwelling or other structure (Coverage A and/or B).
>
> Excluded from the Class are: (1) All persons who submitted a claim for and received a replacement cost payment from Liberty Mutual Fire Insurance Company under Coverage A and/or B; (2) All persons whose payment(s) plus the amount of any deductible applied was less than $2,500; (3) All persons whose claim(s) were caused by earthquake; (4) Liberty Mutual Fire Insurance Company and its affiliates, officers, and directors; (5) Members of the judiciary and their staff to whom this action is assigned; and (6) Plaintiffs' Counsel.

2

Following the Court's Order on summary judgment, the only subclasses with viable claims remaining are defined as:

(1) All parties who received an ACV payment for loss arising solely under the base policy and/or Home Protector Plus Endorsement; and
(2) All parties who received an ACV payment for loss arising under the Functional Replacement Cost Loss Settlement Endorsement.[2]

As explained in the Court's Order granting class certification, "[s]olely" refers only to losses falling within the scope of the overall class definition; that is, ACV payments for physical loss or damage to their dwelling or other structures. The fact that a party may have received additional payment for loss of personal property or other losses falling within the scope of the policy is irrelevant to whether the class member fits the scope of subclass 1 if the class member received an ACV payment for physical loss or damage to their dwelling or other structure based on the base policy language or Home Protector Plus Endorsement without consideration of any other endorsements." [Doc. 177, p. 26, n. 15].

## II.  Discussion

Jean Heckmann moves to intervene in this matter pursuant to Federal Rule of Civil Procedure 24. It is well settled that when a certified class exists, as is the case here, class members should be allowed to intervene to represent the class rather than allowing the class to fail. *See Graves v. Walton County Bd. Of Educ.*, 686 F.2d 1135, 1138 (5th Cir. 1982) (citing cases) ("It is firmly established that where a class action exists, members of the class may intervene or be substituted as named plaintiffs in order to keep the action alive after the claims of the original named plaintiffs are rendered moot.").

---

[2] The Court denied Plaintiffs' motion for summary judgment as to the Functional Replacement Cost Loss Settlement Endorsement. [Doc. 272, p. 36]. However, because Liberty Mutual did not move for summary judgment as to this subclass, the subclass still remains.

3

Liberty Mutual does not dispute that Ms. Heckmann is a class member. However, Liberty Mutual objects to Ms. Heckmann's intervention under Rule 23(a)(3), arguing that Ms. Heckmann is not "typical" of the class and thus, cannot serve as class representative. Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Here, Ms. Heckmann's claims and the claims of the class arise from the same course of conduct—Liberty Mutual's systematic practice of applying a deductible to ACV claims in Missouri under its form policy HO 03 (Edition 04 91). Like all other class members, Ms. Heckmann's deductible was improperly applied to her ACV payment for her Coverage A and/or B loss—in her case, under her Home Protector Plus Endorsement.

Specifically, on or about June 5, 2006, Ms. Heckmann suffered a covered water loss, which caused extensive damage to her dwelling (Coverage A) necessitating repairs including drywall, painting, and flooring. [Doc. 261-2 (Liberty Xactimate Estimate)]. Liberty Mutual's adjuster calculated the total RCV of Ms. Heckman's covered loss to be $14,560.31. *Id.* at p. 7. Pursuant to its claim handling practices, Liberty Mutual then applied depreciation of $1,735.23 to Ms. Heckman's claim, which resulted in a total ACV payment of $12,825.08. *Id.* Liberty Mutual then withheld a deductible of $500 from that ACV payment. *Id.* at p. 8. After calculating this ACV, Liberty Mutual further subtracted $2,470.27 from Ms. Heckmann's total ACV payment to account for Liberty Mutual's direct payment to Service Master for water remediation services at her home. The water remediation services were covered under Additional Coverages No. 2 Reasonable Repairs, which cover measures "taken solely to protect against future damage." Like all other members of the class, Ms. Heckmann never submitted a request for or received an RCV payment.

The previous facts surrounding Ms. Heckmann's claim establish that she is a class member with a claim falling within the first subclass: "(1) All parties who received an ACV payment for loss arising solely under the base policy and/or Home Protector Plus Endorsement." Liberty Mutual, however, contends that Ms. Heckman's claim is not typical of the claims of the class because she had not only dwelling damage with an ACV payment but also additional coverage and payment for water remediation services. According to Liberty Mutual, even if Liberty Mutual was not permitted to apply the $500 deductible to the ACV payment for Ms. Heckmann's Coverage A dwelling damage under the Home Protector Plus Endorsement, Liberty Mutual was nonetheless entitled to apply that $500 deductible to the payment it issued to Service Master for water remediation services under Additional Coverage No. 2 Reasonable Repairs.[3] Therefore, Liberty Mutual argues, Ms. Heckmann has not been injured and cannot represent the class.

Located within Section I – Property Coverages, this provision provides:

**ADDITIONAL COVERAGES**
\*\*\*
**2. Reasonable Repairs.** In the event that covered property is damaged by an applicable Peril Insured Against, we will pay the reasonable cost incurred by you for necessary measures taken solely to protect against further damage. If the measures taken involve repair to other damaged property, we will pay for those measures only if that property is covered under this policy and the damage to that property is caused by an applicable Peril Insured Against.
This coverage:
   a. Does not increase the limit of liability that applies to the covered property;
   b. Does not relieve you of your duties, in case of a loss to covered property, as set forth in SECTION I – CONDITION 2.d.

---

[3] The Lafollettes' Wind/Hail claim did not present this issue because the Lafollettes' damage was limited to hail damage to their roof. There were no associated personal property damages, emergency repairs, or any other type of damage, and thus, Liberty Mutual contends there were no other payments to which it could have applied the Lafollettes' deductible.

[Doc. 261-1, p. 10 of 44 (Heckmann Policy)].  In light of the provision's plain language and this Court's prior findings in its Summary Judgment Order, Doc. 232, the Court rejects Liberty Mutual's contention that Ms. Heckmann's coverage under this provision somehow permits a deductible to be applied to her ACV payment.  Nothing contained within the Reasonable Repairs paragraph, classified as an "Additional Coverage," somehow impacts the loss settlement provisions of the Home Protector Plus Endorsement.  Further, much like the Declarations, there is no language in this coverage that evinces when and under what circumstances a deductible will apply.  *See* [Doc. 232, p. 27-29 (Court's Order on Summary Judgment rejecting Liberty Mutual's argument that the policy's Declarations page requires Plaintiffs to pay a deductible on all claims, without regard to whether the claims are for ACV or RCV)].

    Moreover, Liberty Mutual's argument that a deductible can be applied to the Replacement Repairs coverage is premised on its theory that a deductible applies to all property coverage payments made under its policy unless stated otherwise.  However, the Court has already rejected this very theory time and again.  *See, e.g.*, [Doc. 232].  Liberty Mutual's attempt to support its theory by attacking the Court's prior interpretation of the policy with arguments that this Court has previously rejected is not persuasive.  This Court has already rejected Liberty Mutual's arguments about the Declarations governing application of a deductible, *see* [Doc. 232, p. 27-29]; that exclusion of the term, "No deductible applies to this coverage" under certain Additional Coverages somehow means that a deductible does apply to all ACV payments, *see* [Doc. 232, p. 24-25]; and that if an insured can complete her repairs for the amount of the ACV payment, then she has not been injured because she has "effectively" received the RCV payment, *see, e.g.*, [Doc. 232, p. 14-16].  Accordingly, Liberty Mutual's recycled arguments, all of which

6

have already been rejected, in some cases multiple times, do not serve to support its opposition to Ms. Heckmann's intervention.

Rather, the determinative facts surrounding Ms. Heckmann's claim are these: Liberty Mutual improperly applied a deductible to Ms. Heckmann's ACV payment for damage to her dwelling under the Home Protector Plus Endorsement, and she has never received nor requested an RCV payment. Accordingly, her claim is typical of the claims of the class because it "arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996). As discussed above, the fact that some of her ACV payment arose from the Reasonable Repairs provision does not undermine her typicality because it does not change the fact that a deductible was improperly applied to her ACV payment.

### III. Conclusion

For the previous reasons, Ms. Heckmann's motion to intervene, Doc. 236, is granted. Accordingly, Ms. Heckmann is substituted as named class representative, and she shall file her Second Amended Complaint within 3 days of the date of this Order.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: July 24, 2017
Jefferson City, Missouri